1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GREGORY L. HITCHCOCK, | AT LAW AND IN ADMIRALTY |
| Plaintiff, | |
| v. | Case No.: |
| BERING STAR, LLC, | **COMPLAINT FOR MARITIME PERSONAL INJURIES** |
| Defendant. | **JURY DEMAND** |

Plaintiff Gregory L. Hitchcock ("Plaintiff" or "Mr. Hitchcock"), by and through

the undersigned counsel, alleges as follows:

## **GENERAL ALLEGATIONS**

1.      Plaintiff brings this action pursuant to the provisions of 28 U.S.C. § 1916

without prepayment of fees and costs and without deposit of security therefor.

2.      At all times material hereto, Mr. Hitchcock was a resident of Whatcom

County, Washington.

COMPLAINT FOR MARITIME PERSONAL INJURIES
CASE NO:
PAGE - 1

**ANDERSON CAREY
WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711  -  Fax (360) 647-2943

3.      At all times material hereto, defendant Bering Star, LLC ("Defendant"), was and is a Washington limited liability company doing business in Washington with its principal place of business located at 5470 Shilshole Avenue NW, Suite 520, Seattle, Washington.

4.      At all times material hereto, the F/V BERING STAR (O.N. 593310) ("BERING STAR" or the "vessel") was and is an American flag fishing vessel operating upon the navigable waters of the United States, the high seas, and the territorial waters of Washington and Alaska.

5.      At all times material hereto, Bering Star, LLC, owned the BERING STAR.

6.      At all times material hereto, defendant Bering Star, LLC, manned, operated, maintained and controlled the BERING STAR.

7.      At all times material hereto, Plaintiff was under the employ of Defendant, performing maritime employment on the BERING STAR.

8.      Defendant employed Plaintiff to serve aboard the BERING STAR from 2015 through 2020.  During those years, Plaintiff worked aboard the BERING STAR when it tendered in Prince William Sound, Alaska, for the summer salmon season. Plaintiff also served aboard the vessel when undergoing shipyard work in Seattle, Washington, every other spring before the vessel headed to Alaska to tender.

9.      On or about May 31, 2020, Plaintiff was working aboard the vessel while docked on the navigable waters of Salmon Bay in Seattle.  On that date, the vessel's captain dropped an approximately four hundred pound oil drum, which was improperly

COMPLAINT FOR MARITIME PERSONAL INJURIES
CASE NO:
PAGE - 2

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

rigged to the vessel's crane, onto Mr. Hitchcock, crushing his neck and back like an accordion.

## FIRST CLAIM:
## <u>JONES ACT NEGLIGENCE</u>

10.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 9 set forth above.

11.     This claim arises under 46 U.S.C. § 30104, commonly known as the Jones Act.  Jurisdiction is conferred upon this Court by the provisions of that statute.  Under the Jones Act, Defendant owed Plaintiff a high duty of care.

12.     At all times material, Defendant employed Plaintiff to serve as a member of the crew, deckhand and cook, in the service of the BERING STAR on the navigable waters of the United States.

13.     On or about May 31, 2020, while Plaintiff was engaged in the course of his duties as a seaman in the service of the BERING STAR, Defendant was negligent, as were its officers, agents, employees and all persons acting on its behalf, among other things, in:

        a.     Causing, allowing, and permitting the said vessel and her appurtenances to be operated in such a manner as to unreasonably endanger Plaintiff's safety;

        b.     Causing, allowing, and permitting the vessel and her appurtenances to be in a dangerous, defective and hazardous condition;

        c.     Failing to warn Plaintiff of impending dangers;

COMPLAINT FOR MARITIME PERSONAL INJURIES
CASE NO:
PAGE - 3

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

d.    Failing to provide a seaworthy vessel and a safe method of operation;

e.    Failing to provide Plaintiff with a safe place in which to work;

f.    Failing to promulgate and enforce proper and safe rules of seamanship in the supervision and conduct of the work;

g.    Failing to provide sufficient and competent officers and co-employees;

h.    Failing to supply proper gear and equipment, including rigging, and to maintain the same in proper order;

i.    Violating safety regulations, including, but not limited to, the following: 29 C.F.R. § 1926.1437, 29 C.F.R. § 1917.45, 29 C.F.R. § 1915.115, 29 C.F.R. § 1915.112, and 29 C.F.R. § 1915.113.

j.    Otherwise acting so negligently as to cause injury to Plaintiff as set forth above in Paragraph 9.

14.    As a result of said conduct, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injuries to, *inter alia*, his neck and back, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering, and said injuries have resulted in significant permanent disability to Plaintiff, all to his general damage according to proof.

15.    As a further result of said conduct, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and Plaintiff alleges that he may require such services in the future. The cost and reasonable value of the health care services received and to be received by

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

Plaintiff is presently unknown to him, and Plaintiff prays for leave to insert the elements of damages in this respect when the same are finally determined.

16.     As a further result of said conduct, Plaintiff has suffered and will continue in the future to suffer loss of income in a presently unascertained sum, and Plaintiff prays for leave to insert the elements of damage in this respect when the same are finally determined.

## SECOND CLAIM:
## <u>UNSEAWORTHINESS</u>

17.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 16 set forth above.

18.     On or about May 31, 2020, while Plaintiff was engaged in the course of his duties as a deckhand in the service of the BERING STAR, the said vessel was unseaworthy in that, among other things:

   a.     Said vessel and her appurtenances were being operated in such a manner as to unreasonably endanger Plaintiff's safety;

   b.     Said vessel and her appurtenances were in a dangerous, defective and hazardous condition;

   c.     The place where Plaintiff was required to work was unsafe;

   d.     Sufficient and competent officers and co-employees were lacking;

   e.     Sufficient gear and equipment, including rigging, in proper working order were lacking;

   f.     Work in progress was being conducted by unsafe methods without sufficient and properly trained personnel and without adequate supervision;

COMPLAINT FOR MARITIME PERSONAL INJURIES
CASE NO:
PAGE - 5

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

g.      Workplace safety regulations pertaining to the vessel's crane and rigging were violated, including, but not limited to, the following: 29 C.F.R. § 1926.1437, 29 C.F.R. § 1917.45, 29 C.F.R. § 1915.115,  29 C.F.R. § 1915.112, and 29 C.F.R. § 1915.113.

h.      The said vessel was otherwise so unseaworthy as to cause injury to Plaintiff as set forth above in Paragraph 9.

### THIRD CLAIM:
### MAINTENANCE AND CURE

19.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 set forth above.

20.     Upon Plaintiff becoming injured and disabled as aforesaid, it became the duty of Defendant to apprise Plaintiff of his right to seamen's benefits and to pay to Plaintiff the expenses of his maintenance and cure, as well as his wages to the end of the contemplated period of employment, but Defendant unreasonably, willfully, wantonly, and recklessly neglected to do so, despite knowledge of Plaintiff's continuing disability and Plaintiff's medical providers' recommendations regarding same.

21.     By reason of the premises, Plaintiff has been damaged in sums according to proof for past and future maintenance and cure, and unearned wages, the precise amounts of which are presently unascertained, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

22.     By reason of said unreasonable, wanton and willful disregard of Plaintiff's right to maintenance and cure, Plaintiff was forced to engage the services of counsel and

COMPLAINT FOR MARITIME PERSONAL INJURIES
CASE NO:
PAGE - 6

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

has incurred and will continue to incur attorneys' fees and expenses for which Plaintiff is

entitled to recover.

## FOURTH CLAIM:
## §905(b) VESSEL NEGLIGENCE

23.     Plaintiff realleges and incorporates herein by reference paragraphs 1

through 9 set forth above.

24.     This alternative cause of action arises under 33 U.S.C. § 905(b), under

which Defendant owed Plaintiff a duty of reasonable care.  Jurisdiction for this claim is

conferred to this District Court pursuant to 28 U.S.C. § 1333 in that the maritime tort

occurred on the navigable waters of the United States and bore a significant relationship

to traditional maritime activity.  Plaintiff, however, does not make the Federal Rule Civil

Procedure 9(h) designation for any of the claims asserted herein.

25.     On or about May 31, 2020, while Plaintiff was engaged in the course of his

duties aboard the BERING STAR, Defendant was negligent in its capacity as vessel

owner, among other things, in:

      a.     Failing to turn over the vessel, including its equipment and appurtenances, in a reasonably safe condition;

      b.     Failing to mitigate a hazard Defendant knew or should have known Plaintiff was likely to confront in his work and endeavor to work through;

      c.     Failing to intervene for the protection of Plaintiff despite the Defendant's knowledge that the operation posed an unreasonable risk of harm to Plaintiff and despite Defendant's knowledge that adequate measures were not being taken to protect Plaintiff from the hazard Defendant helped to create;

COMPLAINT FOR MARITIME PERSONAL INJURIES
CASE NO:
PAGE - 7

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711  -  Fax (360) 647-2943

d.     Failing to exercise due care for Plaintiff as set forth in paragraph 13 above, despite Defendant's active control of the vessel.

e.     Failing to exercise due care for Plaintiff as set forth in paragraph 13 above, despite Defendant's active involvement in the vessel's operations.

26.     As a result of said conduct, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injuries to, *inter alia*, his neck and back, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering, and said injuries have resulted in significant permanent disability to Plaintiff, all to his general damage according to proof.

27.     As a further result of said conduct, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and Plaintiff alleges that he may require such services in the future.  The cost and reasonable value of the health care services received and to be received by Plaintiff is presently unknown to him, and Plaintiff prays for leave to insert the elements of damages in this respect when the same are finally determined.

28.     As a further result of said conduct, Plaintiff has suffered and will continue in the future to suffer loss of income in a presently unascertained sum, and Plaintiff prays for leave to insert the elements of damage in this respect when the same are finally determined.

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

**WHEREFORE**, Plaintiff prays for judgment against defendant Bering Star, LLC, as follows:

i.    With respect to Plaintiff's First Claim and Second Claim:

    a.    General damages according to proof;

    b.    All past and future expenses for health care providers according to proof;

    c.    Loss of income, past and future, according to proof;

    d.    Plaintiff's costs and disbursements incurred herein;

    e.    Prejudgment and post-judgment interest according to general maritime law; and

    f.    For such other and further relief as this District Court deems just and fair.

ii.    On Plaintiff's Third Claim:

    a.    Maintenance, cure and unearned wages according to proof;

    b.    Plaintiff's reasonable attorney's fees;

    c.    Plaintiff's costs and disbursements incurred herein;

    d.    Punitive damages according to general maritime law;

    e.    Prejudgment and post-judgment interest according to general maritime law; and

    f.    For such other and further relief as this District Court deems just and fair.

iii.    On Plaintiff's Fourth Claim:

    a.    General damages according to proof;

**ANDERSON CAREY
WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711  -  Fax (360) 647-2943

b.     All unpaid and future expenses for health care providers according to proof;

c.     Loss of income, past and future, according to proof;

d.     Plaintiff's costs and disbursements incurred herein;

e.     Prejudgment and post-judgment interest according to general maritime law; and

f.     For such other and further relief as this District Court deems just and fair.


ANDERSON CAREY WILLIAMS & NEIDZWSKI

*/s/ Douglas R. Williams*
DOUGLAS R. WILLIAMS, WSBA #43823
21 Bellwether Way, Suite 104
Bellingham, WA 98225
Telephone: 360-671-6711
Facsimile: 360-647-2943
E-mail: doug@boatlaw.com
Attorneys for Plaintiff


## JURY DEMAND

Plaintiff demands trial by jury of all issues in this cause.


COMPLAINT FOR MARITIME PERSONAL INJURIES
CASE NO:
PAGE - 10